Dear Representative Mills:
You have sent our office a request for a reconsideration of Opinion 08-0308, which interpreted La.R.S. 37:1174 to disqualify a pharmacist who is currently on probation from being considered for appointment to the Louisiana Board of Pharmacy (Board), but not one with a past probation. For the reasons below, we reaffirm the interpretation stated in Opinion 08-0308.
Your letter asks for a reconsideration of our interpretation of La.R.S. 37:1174 for two reasons: (1) you provide that the Board has a practice of placing a licensee who is reinstated from an active suspension or revocation automatically on probation and (2) because La.R.S. 37:1174(A)(5) contains language similar to La.R.S. 37:1174(A)(6), the two provisions should be interpreted similarly.
La.R.S. 37:1174(A) provides:
 A. Each pharmacist member of the board shall at the time of appointment:
 (1) Be a resident of this state for not less than six months.
 (2) Be currently licensed to engage in the practice of pharmacy in this state.
 (3) Be actively engaged in the practice of pharmacy in this state and may practice in and own a Louisiana-permitted pharmacy.
 (4) Have five years of experience in the practice of pharmacy in this state after licensure.
 (5) Shall not have been convicted of a felony.
 (6) Shall not have been placed on probation by the board. *Page 2 
As stated in Opinion 08-0308, pursuant to the rules of statutory interpretation provided by La.C.C. art. 10, La.C.C. art. 12, La.R.S.1:3, and confirmed by jurisprudence, when the language of a law is susceptible of different meanings or ambiguous, the context in which it appears must be examined, and it must be interpreted as having the meaning that best conforms with the purpose of the law.
It is of significance that La.R.S. 37:1174 contains the qualifying language, at the time of appointment. When an individual has been convicted of an offense, the state of being convicted suggests a permanent condition. The language used in La.R.S. 37:1174(A)(5) includes both the present and past condition of having been convicted. If you interpret this provision in the present tense situation, as directed by La.R.S. 37:1174, to determine whether the individual meets the qualifications described in the statute at the time ofappointment, an individual who has been convicted of a felony will be disqualified from serving on the Board.
On the other hand, the phrase having been placed on probation, which is used in La.R.S. 37:1174(A)(6), does not necessarily indicate a permanent condition, despite the similarity in syntax. In fact, consistent with the ordinary usage of the term "probation," it is understood to be a punishment of limited duration. See La.R.S.37:1164(46), which defines "probation" as "a restriction of pharmacy practice for a specified period of time." [Emphasis added]. As noted in Opinion 08-0308, the language in La.R.S. 37:1174(A)(6) can be interpreted in two ways: (1) by interpreting the condition of probation as lasting for the duration of the probation, and therefore disqualifying a member who is on probation at the time of consideration for appointment, or (2) by interpreting the condition of probation as a permanent condition and prohibiting a member who has ever been on probation from serving. Because the plain language of the statute reads that "[e]ach pharmacist member of the board shall at the time ofappointment. . . shall not have been placed on probation by the board," and each provision in La.R.S. 37:1174 can be read to apply to qualifications applicable to members as qualifications they must meetat the time of appointment, the position of this office remains that every qualification must be read as applying to members at the time ofappointment. The difference in the outcome of the application of Subsection (A)(5) and (A)(6) is a reflection of the fact that a past conviction alters one's status permanently, whereas a probation only alters it for the period of its duration.
As indicated in Opinion 08-0308, nothing in La.R.S. 37:1174
disqualifies a pharmacist who has had his/her license suspended or revoked in the past from serving on the Board. Your letter provides that it is the policy and practice of the Board to place a pharmacist on probation if reinstated after a license suspension or revocation. This may be the policy and practice of the Board, but there is nothing which mandates that the Board follow this practice, and there is nothing in the language of La.R.S. 37:1174 indicating legislative cognizance of such a practice. The Board could determine to abandon such a practice and nothing would disqualify a member who has previously had his/her license suspended or revoked from being qualified to serve on the Board. As mentioned in 08-0308, since probation is a lesser penalty than suspension or *Page 3 
revocation, and is therefore reserved for presumably less egregious behavior, La.R.S. 37:1174(A)(6) cannot be reasonably interpreted to disqualify anyone with a past probation from serving on the Board, while permitting someone with a past suspension or revocation to qualify. Although it may be the practice of the Board to place such an individual on probation, this is not indicated in the legislation.
It is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose, that some effect is to be given to each such provision, and no words or provisions are unnecessary. Moss v. State, 05-1963, p. 15 (La. 4/4/06), 925 So.2d 1185, 1196; SultanaCorporation v. Jewelers Mutual Insurance Company, 03-0360, p. 9, (La. 12/3/03), 860 So.2d 1112, 1119. As the legislature chose to include the phrase "at the time of appointment" and because all of the qualifications can be reasonably understood as presently applying to individuals when being considered for appointment, we must resolve the ambiguity in favor of the interpretation which gives effect to the words "at the time of appointment." Therefore, we maintain our position that La.R.S. 37:1174(A)(6) disqualifies a pharmacist who is currently on probation from being considered for appointment to the Board.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:_________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB